IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GINENE PASCUA,                              )
                                            )
                    Plaintiff,              )          Case No.    20 C 2510
                                            )
        v.                                  )
                                            )          Judge Robert W. Gettleman
JEWEL FOOD STORES, INC.,                    )
                                            )
                    Defendant.              )

## MEMORANDUM OPINION & ORDER

Plaintiff Ginene Pascua brings a two-count complaint against defendant Jewel Food

Stores, Inc., alleging sex discrimination under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e-2(a)(1) (Count I) and age discrimination under the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1) (Count II).  Defendant has moved for

summary judgment on both counts.  For the reasons stated below, defendant's motion (Doc. 61)

is granted.

## BACKGROUND

Defendant, a grocery store chain, hired plaintiff in 1997 as a meat wrapper in the meat

and seafood department.  Plaintiff most recently worked at defendant's Darien, Illinois, store.

On November 2, 2018, defendant transferred Juan Morales to the Darien store, where Morales

worked as the Meat Market Manager.  It appears that at some point prior to Morales's transfer,

Morales and plaintiff had worked together at another location and did not get along.

After Morales started at the Darien location, plaintiff took notes on Morales's behavior.

Many of her notes include problems with Morales's work performance, such as Morales arriving

late, mumbling under his breath, slamming doors, and putting out-of-code product on the

shelves.  Plaintiff also chronicled allegedly harassing behavior.  For example, plaintiff claims that Morales often verbally berated her by calling her "lazy" and "stupid," and would say "stop your bullshit" when plaintiff asked questions.  Morales told plaintiff to stop using a machine because "she breaks everything she touches," and at one point made a joke to other employees about plaintiff using cocaine.  During a shift when plaintiff and another female co-worker struggled to break down a meat pallet, Morales criticized the two women for not being strong enough and suggested that there should be a weight-lifting requirement to work in the meat market.

At some point in November, plaintiff claims that Morales pushed a meat cart into her. Plaintiff's deposition testimony on this point is somewhat unclear, but it appears that Morales told plaintiff to get out of the way, and when plaintiff did not do so, Morales pushed the cart into plaintiff's ankles.[1]

Plaintiff claims that Morales additionally interfered with her schedule and shifts. Plaintiff wanted to work the Thanksgiving holiday, but Morales denied her request.  After complaining to the union, Morales scheduled plaintiff to work on Thanksgiving.[2]  Morales also changed plaintiff's shift from the morning shift to the closing shift, along with two other male employees.  In his deposition, Morales stated that he changed plaintiff's schedule to minimize contact because he and plaintiff did not get along, and because plaintiff frequently complained that the closing shift was not doing their jobs correctly.  Plaintiff argues that these proffered reasons are pretextual, and that Morales changed her shift as a form of harassment.

---

[1] Plaintiff's brief repeatedly states that Morales pushed a meat cart into plaintiff on two occasions.  The record indicates that plaintiff was hit by a meat cart only once, and that on a second occasion in January, plaintiff merely observed Morales push a "U-Boat" meat cart through a door.
[2] Defendant notes that, at plaintiff's request, Morales also scheduled plaintiff on Christmas Eve and New Year's Day.

Plaintiff next claims that Morales affected plaintiff's ability to select vacation days by changing the employee seniority rankings. Morales apparently believed that the seniority rankings for vacation time were incorrect, and proceeded to change them for several male and female employees.

On December 18, 2018, plaintiff called defendant's Human Resource's hotline. Plaintiff told Human Resources that Morales harassed her and described issues with Morales's performance, such as placing out-of-code product on the shelves. Human Resources then investigated the incidents and interviewed several of plaintiff's coworkers. At least one coworker stated that Morales was "picking" on plaintiff. Defendant did not disclose the results of the investigation to plaintiff.

Plaintiff filed an EEOC Charge in June 2019, alleging sex and age discrimination. At some point (neither party says when), plaintiff was suspended and then terminated. Although plaintiff's complaint mentions her suspension and termination, plaintiff concedes that any claims based on the suspension and termination are outside the scope of her EEOC charge, and thus outside the scope of this lawsuit. Plaintiff further stipulates that she has not brought claims for discrimination or retaliation based on her suspension or termination. Plaintiff brings claims only for hostile work environment on the basis of her age and sex.

## DISCUSSION

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material facts exists if "there is evidence such that a reasonable jury could return a verdict in favor of the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine dispute of material fact exists, the court must construe all facts

and reasonable inferences in the light most favorable to the nonmoving party." See CTL ex rel.
Trebatoski v. Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014). But the nonmovant "is only
entitled to the benefit of inferences supported by admissible evidence, not those supported by
only speculation or conjecture." Grant v. Trustees of Ind. Univ., 870 F.3d 562, 568 (7th Cir.
2017).

Defendant moves for summary judgment on both counts. Plaintiff's brief discusses only
hostile work environment claims based on her sex. Consequently, plaintiff has waived any
arguments regarding age discrimination. Indeed, the record is devoid of any evidence from
which a reasonable jury could conclude that plaintiff suffered from age discrimination. The
court grants summary judgment for defendant on Count II.

Turning to plaintiff's hostile work environment claim on the basis of her sex, Title VII
prohibits discrimination "against any individual with respect to his compensation, terms,
conditions, or privileges of employment, because of such individual's race, color, religion, sex,
or national origin." 42 U.S.C. § 2000e-2(a)(1). "This prohibition encompasses the creation of a
hostile work environment that is severe or pervasive enough to affect the terms and conditions of
employment." Lord v. High Voltage Software, Inc., 839 F.3d 556, 561 (7th Cir. 2016). For a
plaintiff's hostile work environment claim to survive summary judgment, she must show that: (1)
her work environment was objectively and subjectively offensive; (2) the harassment was based
on her gender; (3) the harassment was pervasive or severe; and (4) a legal basis exists for holding
defendant liable. See Cable v. FCA US LLC, 679 Fed. App'x 473, 476 (7th Cir. 2017); see also,
Cole v. Bd. of Trs. of N. Ill. Univ., 838 F.3d 888, 895-96 (7th Cir. 2016).

The third element "is in the disjunctive—the conduct must be either severe or pervasive."
Vance v. Ball State Univ., 646 F.3d 461, 469 (7th Cir. 2011), aff'd, 570 U.S. 421 (2013). This

means that "one extremely serious act of harassment could rise to an actionable level, as could a series of less severe acts." Hall v. City of Chi., 713 F.3d 325, 330 (7th Cir. 2013). A court addressing whether a work environment is hostile must consider "factors like the frequency of improper conduct, its severity, whether it is physically threatening or humiliating (as opposed to a mere offensive utterance), and whether it unreasonably interferes with the employee's work performance." Boss v. Castro, 816 F.3d 910, 920 (7th Cir. 2016). In so doing, the court should bear in mind that Title VII does not impose a "general civility code" in the workplace and that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); see also McPherson v. City of Waukegan, 379 F.3d 430, 438-49 (7th Cir. 2004).

Even construing the record in the light most favorable to plaintiff, the acts of which she complains lack the severity or pervasiveness required to establish a hostile work environment. Plaintiff bases her claim only on a handful of isolated incidents that occurred over a two-month period. She complains that Morales changed plaintiff's schedule from the morning shift to the closing shift, did not initially approve plaintiff's request to work on Thanksgiving, declined to approve a vacation request based on employee seniority,[3] and made rude comments such as calling plaintiff stupid and lazy and telling her to "stop her bullshit" when she asked questions. The most serious incident occurred in November, when Morales pushed a meat cart that hit plaintiff's ankles. The physical contact, "however inappropriate, was relatively minor and occurred only once. And [Morales's] statements, however impolite, did not constitute actionable harassment." Pearson v. Advocate Health Care, 2017 WL 3478815, at * (N.D. Ill. Aug. 14,

---

[3] Morales need not have been correct in his handling of employee seniority, as long as his belief was genuine. See Burton v. USF Logistics, 2005 WL 711576, at *5 (N.D. Ill. Mar. 8, 2005).

2017); see also McPherson, 379 F.3d at 439 (holding that male superior's repeated "boorish" comments did not create a hostile work environment "due to the limited nature and frequency of the objectionable conduct"). While the record indicates that Morales behaved rudely and unprofessionally, and even picked on plaintiff, no reasonable jury could find this conduct severe or pervasive enough to constitute a hostile work environment.

Further, interactions with Morales did not unreasonably interfere with plaintiff's work performance. See Mannie v. Potter, 394 F.3d 977. 983 (7th Cir. 2005) (affirming summary judgment for defendant on a hostile work environment claim, reasoning plaintiff offered no proof that she "was unable to perform her job because of the conduct of her supervisors and coworkers"). To the contrary, plaintiff's position remained the same, and her pay was not reduced. Courts have also routinely held that changes to an employee's shift and denials of vacation or holiday overtime are not actionable harassment. See, e.g., Bowden v. Kirkland & Ellis LLP, 2010 WL 3526483, at *12 (N.D. Ill. 2010) (granting summary judgement for employer on hostile work environment claim when plaintiff complained of unfair criticism by superiors and receipt of unfavorable work assignments); Dyson v. Brennan, 2017 WL 3008831, at *16 (N.D. Ind. July 14, 2017) aff'd 721 Fed. App'x 550 (7th Cir. 2018) (finding "nothing objectively offensive or severe" about plaintiff's claim that he was not scheduled to work overtime on Christmas day). No reasonable jury could find for plaintiff.

A second and independent ground warranting summary judgment for defendant is that plaintiff offers no evidence that the alleged harassment was based on her sex. See Chaparro v. City of Chi, 47 F.Supp.3d 767, 775 (N.D. Ill. 2014) ("inappropriate conduct that is inflicted without regard to the gender of the recipient is outside Title VII's ambit"); Blazquez v. Bd. of Edu. of City of Chi., 2007 WL 2410369, at *31 (N.D. Ill. Aug. 20, 2007) ("While such acts may

6

portray [the supervisor] as hostile or obnoxious, this does not change the fact that these actions provide no evidence that the environment made Plaintiff uncomfortable <u>as a woman</u>.") (emphasis in original). The record indicates that Morales's changes in shifts, Thanksgiving scheduling, and vacation seniority applied to both male and female employees, such that plaintiff cannot claim that these actions were taken against plaintiff because of her gender. <u>See</u> <u>Chaparro</u>, 47 F.Supp.3d at 775 (Title VII does not apply to "equal opportunity harassers"). No reasonable jury could conclude that Morales took these actions because of plaintiff's gender.[4]

The only potentially gender-based incident is Morales's statement that plaintiff was too weak to work in the meat department, and suggesting that a weight-lifting requirement should apply. As an initial matter and as discussed above, such isolated comments are neither severe nor pervasive enough to constitute a hostile work environment. Further, the Seventh Circuit has upheld summary judgment based on commentary similar to the instant case. <u>See, e.g.</u>, <u>Racicot v. Wal-Mart Stores, Inc.</u>, 414 F.3d 675, 678 (7th Cir. 2005) (isolated comments about the propriety of women working at plaintiff's age and the fact that she could pick up heavy boxes if she were younger were insufficient to support a claim of age harassment). Plaintiff has failed to present evidence that Morales engaged in the alleged conduct because of her gender. Defendant is entitled to summary judgment on Count I.

---

[4] Plaintiff argues in her response brief that Morales did not engage in harassing conduct against male employees, but she fails to cite any evidence in support of this argument.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (Doc. 61) is granted. Civil case terminated.


ENTER:


**Robert W. Gettleman**
**United States District Judge**


DATE: **April 7, 2022**